Nott, J.,
dissenting, delivered his opinion as follows :
Having taken a different view of this question from a majority of the Court, perhaps it may have been thought my duty to have given the subject a more ample investigation than I am prepared to do on this *321 occasion. But the novelty and importance of the question has induced me to reserve my opinion, except so far as is necessary to state the most prominent grounds of my dissent, until time shall furnish more ample means of viewing it in its more extensive relations, than I at present possess. I consider it the most important question that has occupied the attention of this Court since I have had the honor of a seat on the bench ; and I therefore approach it with more than ordinary diffidence and solicitude: and I think it would *have comported better with that spirit of harmony and concord which every branch of our complicated government ought to be emulous to promote, if the City Council had forborne to exercise such power, until the State had made this property a subject of taxation. It is not merely a question, whether the City Council has the power to impose a tax on bank stock. Neither is it a question between the United States and an individual State. But the real question which we are called upon to decide is, whether, when Congress has adopted a measure confessedly within its jurisdiction, any corporate body, existing under the authority of a State, and having the power to pass by-laws, may, by one of its ordinances, directly defeat such act of the general government ?
The great objects of the federal compact are declared to be “to form a more perfect union, to establish justice, insure domestic tranquillity, provide for the common defence, promote the general welfare and secure the blessings of liberty.” Preamble to the Constitution, Grimke, P. L. App. 29.[1] To effect those great and important objects, certain powers are delegated to the general government. And it seems now to be admitted, by all the commentators on the federal constitution, that where the exercise of any power by a State is inconsistent or incompatible with such delegation, it must be considered as exclusively granted to the general government.
It is also further declared, that Congress shall have power to pass all laws necessary to carry into effect all the powers so delegated by the Constitution. Art. 1, sec. 8. P. L. App. 82. For what purpose, let it be asked, does the Constitution contain such a provision, if the operation of any Act of Congress may be defeated by an Act emanating from the authority of a State ? If such is the situation of our government, it does appear to me the people of the United States have failed in the attempt to effect, at least, one of the great and avowed objects of the confederation : that of securing to themselves and their posterity, “ domestic tranquillity.” *1 cannot conceive a more effectual source of domestic discord, than a power in the States to resist or defeat the operation of a constitutional Act of the general government.
It is said, we have nothing to do with the policy of the measure. It is true, we are not authorized, with a view to answer any political object, to give a construction to the constitution inconsistent with the letter and spirit of that instrument. But it is a rule, universally admitted in the construction of statutes, to consider the old law, the mischief existing under it, and the remedy intended to be applied. In searching for the true meaning of the constitution, we must frequently look to iha preexisting state of things, and inquire, what purpose was intended to be *322 effected by the change P I have already noticed the objects which led to the adoption of the constitution of the United States : and it is our duty to give it"the construction best calculated to promote those objects. Many of the questions arising between the general and State governments must necessarily be great political questions, which caii only be determined by a view to their effects and consequences. An exclusive grant of power to Congress over certain subjects is inferred only from the impracticability of exercising the same power by a State, at the same time. In such case the constitutionality of a State law must be tested by its compatibility with the powers of Congress on that subject. And it will be by the political consequences that we must determine whether they are compatible or not. The case now under consideration necessarily involves the inquiry, whether the ordinance of the City Council be compatible with the Act of Congress, establishing a bank ? If the power exercised by the City Council have a direct tendency to defeat the object intended to be effected by Congress, then it is incompatible. ■ Two conflicting powers, tending to neutralize each other, cannot exist together ■in any government. And although the tax now imposed on the bank may not produce any sensible effect on its operations, yet, if the power be recognized, it will establish a principle which *may work its destruction whenever it shall be exerted for that purpose. It ■appears to me that the difference of opinion in this case has arisen from •an abstract view of this institution as a bank, without considering the relation between the government of the United States and the individual "States. The United States, in their federal capacity, possess all the attributes of sovereignty, over the subjects delegated to them, in as ample •a manner as the individual States do over those which are reserved. A.nd I take it to be an undeniable axiom in politics, that every government should possess the power to carry its own laws into execution. To 'that end was the clause, which I before noticed, introduced into the constitution, “that Congress shall have power to pass all laws necessary to carry into effect all the powers therein granted.” Whether the power exercised by Congress on this occasion, be expressly delegated, or arise from necessary implication, is not material. It is equally beyond the control of the City Council. If Congress has the power, it can be limited in the exercise of it only by its .own discretion. And having the power to establish a bank, all incidental powers must necessarily be implied. It is in vain, that Congress has power to erect public institutions, if they must be subject to the capricious will of every corporate town in the United States for their existence. It is in vain, that Congress has the power to pass laws, if any subordinate authority may defeat their operation. I suppose, it will not be denied, that this is an institution of the United States. It is entitled “ The Bank of the United States.” The United States are one of its constituent members. Many of the functions of the government are carried on by it. Its charter may be revoked, and it is subject' to the visitorial power of Congress. Indeed we cannot shut our eyes against the fact, that it is one of the principal engipes, without which the fiscal operations of the government could with difficulty be carried on, and to that necessity alone perhaps does it owe its existence.
The strong ground on which the motion is attempted to be supported, *323 appears to meto be, that this is a great ^moneyed monopoly, which, in the hands of the general government, will become a gulf, in the vortex of .which, every minor institution will be swallowed up. It has been compared to the lever of Archimedes, by which the constitutions of the States may be overturned. But here the maxim well applies,, that, with the policy of the measure, we have nothing to do. Having ascertained the true construction of the constitution, whether its provisions are wise or not, does not belong to us to decide. But why this alarm at the exercise of the legitimate powers of the general government ? The jealousy of the States is ample security against an invasion of their rights, and they have ample means to prevent or resist it. If the powers of Congress are too great, they may be abridged by an amendment of the constitution. If they are abused, they may be corrected by a change of representation. If they are exceeded, they may be controlled by the judiciary. But to give to one government the power of passing laws, and to another the right to resist them, or to defeat their operations, or rather to give to a government a power to legislate, and to a single member or branch of it to defeat its acts, would be like harnessing horses to the hindmost part of the carriage to' check the impetuosity ’of those in front. It would necessarily lead to a contest for power : and whether the machine would move forward or go backward, or be torn asunder in the' struggle, would depend on the relative force of the conflicting powers.
There is another view of the subject which, perhaps, deserves consideration. The sixth article of the federal constitution declares,’that this constitution, and the laws of the United States, made in pursuance thereof, shall be the supreme law of the land, and the judges in every State shall be bound thereby, any thing in the constitution, or laws of any State, to the contrary notwithstanding. If the laws of the United States are to be supreme, any law of a State impeding their operation must be unconstitutional. Otherwise a State might indirectly defeat the most important ^measures of the general government.- If-the government does not deserve our confidence, let it be abolished, or so modified as to remove the danger. But let it not be so maimed and crippled as not to.be able to do either good or harm, except by accident.
That our liberties may be destroyed by an abuse of the powers vested in Congress, I admit. Too liberal a use of the single power to raise armies might prostrate the liberties of the American people. There is no good government which has not the power to destroy the. liberties of the people. No government can be good, which has not such power. Without the power to destroy, the government could not possess the means to protect, our liberties.
But I forbear to dwell op a subject on which I have already said more than I intended or expected to say. Even if I had entertained a different opinion from that which I have expressed, I should think this measure of the City Council very unpropitious to that amity and confidence which ought to pervade every fibre of our government. I hope I may be mistaken in the view which I have taken of the subject. And if I am, I shall rejoice that the better opinion of my brethren will prevent the evil to which such an opinion might tend. But on the contrary, if it goes to establish the principle, that any body emanating from the authority of a State, may undertake to judge of the policy of an Act of Congress, which is *324 admitted to be constitutional, and may adopt such countervailing measures as. have a direct tendency to defeat its operation, or to prevent it from being carried into-effect, these United States may bid “farewell, a long farewell, to all their greatness.”
Drayton, and Hayne, Attorney-General, for the motion. K. L. Simons and Holmes, contra.

 1 Stat.